1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 RICHARD ROJAS, | Case No. 2:22-cv-01977-JDP (PC) |
| 12              Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA* |
| 13     v. | *PAUPERIS* |
| 14 E. LOPEZ, *et al.*, | ECF No. 2 |
| 15              Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| 16 | (1) STAND BY HIS COMPLAINT SUBJECT TO A |
| 17 | RECOMMENDATION OF DISMISSAL; |
| 18 | (2) FILE AN AMENDED |
| 19 | COMPLAINT |
| 20 | ECF No. 1 |
| 21 | THIRTY-DAY DEADLINE |

22

23

24

25         Plaintiff, a state prisoner, alleges that psychiatric provider and correctional officer

26 defendants are recording him, threatening to sexually assault him, looking through his social

27 media, reaching out to his family, and contaminating his food.  These allegations, which, as

28 articulated by plaintiff, border on the fanciful, do not comport with Rule 8 of the Federal Rules of

                                              1

1   Civil Procedure.  I will give plaintiff leave to amend so that he may better explain his allegations.

2   I will also grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

3                                        **Screening Order**

4       **I.        Screening and Pleading Requirements**

5       A federal court must screen the complaint of any claimant seeking permission to proceed

6   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

7   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

8   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

9   relief.  *Id.*

10      A complaint must contain a short and plain statement that plaintiff is entitled to relief,

11  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

12  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

13  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

14  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

15  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

16  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

17  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

18  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

19  n.2 (9th Cir. 2006) (en banc) (citations omitted).

20      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

21  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

22  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

23  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

24  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

25  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

26  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

27

28

**II.     Analysis**

As noted above, plaintiff alleges that numerous psychiatric providers and correctional officers have conspired against him by variously threatening to sexually assault him, trawling his social media for information to use against him, recording his conversations, and generally attempting to sabotage his chances for release.  The specifics of these allegations, owing to the complaint's lack of organization and cramped handwriting, are difficult to grasp.  And even where the complaint is comprehensible, it does not specifically allege how each defendant was responsible for the alleged transgressions against plaintiff.  No defendant could reasonably be expected to read the complaint and as a result to be put on notice as to the claims against him or her.  *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("All that is required [by Rule 8(a)] are sufficient allegations to put defendants fairly on notice of the claims against them.").

Plaintiff may file an amended complaint.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2.  Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court of his intent to stand by his current complaint, subject to a recommendation that this action be dismissed for failure to state a claim.

3.  Failure to comply with this order may result in the dismissal of this action.

4.  The Clerk of Court is directed to send plaintiff a complaint form.

1

2      IT IS SO ORDERED.

3

4      Dated:      January 20, 2023                        _____
                                                          JEREMY D. PETERSON
5                                                         UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28