UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROJAS,<br><br>          Plaintiff,<br><br>     v.<br><br>E. LOPEZ, *et al.*,<br><br>          Defendants. | Case No. 2:22-cv-01977-JDP (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff brings this section 1983 case against various correctional officer and medical defendants. The substance of his allegations is difficult to understand owing to the second amended complaint's lack of organization. The allegations I can understand are fanciful. As such, the second amended complaint does not state a cognizable claim. I now recommend that this action be dismissed on that basis.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

2

**II.     Analysis**

As noted in my previous screening order, plaintiff's pleadings are difficult if not at times impossible to understand. ECF No. 13 at 3. Plaintiff's operative, second amended complaint runs to twenty-five pages, unbroken by paragraphs and hewing to no obvious form of organization. The allegations that I can understand are fanciful. For instance, plaintiff alleges that defendants Estrada, Lopez, and Smidt interrogated him at night "from [the] plumbing chase or electrical attic" about any crime to which he would admit. ECF No. 31 at 10. He claims that these defendants tortured him by sticking curved metal tubes capable of firing a projectile into his cell and making clicking noises. *Id.* Plaintiff goes on to allege that these defendants sleep in the "electrical attic" during and after their shifts to spy on inmates. *Id.* at 12. Elsewhere, he alleges that defendants are in his "plumbing chase" twenty-four hours a day. *Id.* at 20. The bizarre nature of these claims, coupled with the complaint's lack of organization or structure, convince me that there is no cognizable claim to be found here. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (holding that a complaint is frivolous if it contains "fanciful factual allegations") (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

I have already offered plaintiff one opportunity to amend, and the current complaint is no closer to stating a cognizable claim. I therefore find that further opportunities to amend would be futile and unwarranted.

Accordingly, it is ORDERED that the Clerk of Court assign a district judge to this action.

Further, it is RECOMMENDED that this action be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 10, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4