1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD ROJAS,                          Case No.  2:22-cv-01977-TLN-JDP (PC)

12                 Plaintiff,                  **FINDINGS AND RECOMMENDATIONS**

13           v.                               THAT PLAINTIFF'S MOTION TO ALTER
                                              OR AMEND A JUDGMENT BE DENIED
14    E. LOPEZ, *et al.*,
                                              ECF No. 40
15                 Defendants.
                                              OBJECTIONS DUE WITHIN FOURTEEN
16                                            DAYS

17

18           On January 23, 2023, I screened plaintiff's complaint and found that it failed to state a

19    claim.  ECF No. 13.  I granted plaintiff leave to amend.  *Id.*  On February 24, 2023, plaintiff filed

20    a first amended complaint, ECF No. 17, and, before I had the opportunity to screen that

21    complaint, he filed a second, ECF No. 31.  I screened the second amended complaint on June 12,

22    2023, and found that it again failed to state a cognizable claim.  ECF No. 34.

23           In the second screening order, I noted that plaintiff's complaint, like his previous one, was

24    difficult, if not impossible, to understand.  *Id.* at 3.  In it, plaintiff alleged that defendants Estrada,

25    Lopez, and Smidt interrogated him at night "from [the] plumbing chase or electrical attic" about

26    any crime to which he would admit.  *Id.* (citing ECF No. 31 at 10).  Plaintiff also alleged that

27    those defendants tortured him by sticking curved metal tubes capable of firing a projectile into his

28    cell and making clicking noises.  ECF No. 31 at 10.  Plaintiff further alleged that these defendants

                                                    1

1     sleep in the "electrical attic" during and after their shifts to spy on inmates.  *Id.* at 12.  Elsewhere,

2     he alleged that defendants are in his "plumbing chase" twenty-four hours a day.  *Id.* at 20.  Given

3     that plaintiff's complaint fared no better after amendment, I recommended that the complaint be

4     dismissed without leave to amend for failure to state a claim.  ECF No. 34 at 3.

5         On July 13, 2023, the district judge adopted those recommendations in full and closed this

6     case.  ECF Nos. 37 & 38.  One day after the case closed, plaintiff filed a motion to alter or amend

7     a judgment under Federal Rule of Civil Procedure 59(e).[1]  ECF No. 40.

8         There are four basic grounds upon which a Rule 59(e) motion may be granted: "(1) if such

9     motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if

10    such motion is necessary to present newly discovered or previously unavailable evidence; (3) if

11    such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an

12    intervening change in controlling law."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.

13    2011).  However, "amending a judgment after its entry [is] an extraordinary remedy which should

14    be used sparingly."  *Id.* (citation and internal quotation marks omitted).  A Rule 59(e) motion

15    "may not be used to relitigate old matters, or to raise arguments or present evidence that could

16    have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485

17    n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*,

18    § 2810.1 (2d ed.1995)).  "Mere disagreement with a previous ruling is not a sufficient basis for

19    reconsideration."  *McAllister v. Adecco Grp. N.A.*, 2018 WL 6682984, at *2 (D. Haw. Dec. 19,

20    2018).  "Whether or not to grant reconsideration is committed to the sound discretion of the

21    court."  *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Navajo Nation v.*

22    *Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir.

23    2003)).

24         Plaintiff correctly identifies the bases for granting a motion to alter or amend, ECF No. 40

25    at 9-11, but he has failed to persuade me that any apply.  First, plaintiff has identified no

26    correction of legal error.  Second, plaintiff's argument that he has newly discovered evidence, i.e.,

27

28            [1] This matter was referred to the undersigned on January 11, 2024.  ECF No. 41.

1  body-worn camera footage and "actual paperwork," is not persuasive.  ECF No. 40 at 1.  The

2  court dismissed plaintiff's complaint not for a lack of evidence, but rather for a failure to

3  articulate a cognizable claim for relief.  *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*,

4  550 U.S. 544, 570 (2007).  Third, I am not convinced that any amendment to the judgment would

5  prevent manifest injustice.  Plaintiff was given an opportunity to amend his complaint, but he

6  failed to cure the deficiencies identified in the first screening order.  Indeed, in this motion,

7  plaintiff has repeated allegations raised in his second amended complaint, which the court already

8  found failed to state a claim.  ECF No. 40 at 1-12.  And finally, plaintiff has not articulated any

9  intervening change in controlling law that now makes the allegations in his second amended

10  complaint cognizable.

11     In short, I find there is no clear error, newly discovered evidence, manifest injustice, or

12  intervening change in law that would support altering the court's judgment.  As plaintiff has

13  failed to provide any basis to do such, I recommend that plaintiff's motion be denied.

14     Therefore, it is hereby RECOMMENDED that plaintiff's motion to alter or amend a

15  judgment, ECF No. 40, be denied.

16     These findings and recommendations are submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18  after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

21  objections shall be served and filed within fourteen days after service of the objections.  The

22  parties are advised that failure to file objections within the specified time may waive the right to

23  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

24  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25

26

27

28

3

IT IS SO ORDERED.

Dated:    February 8, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4